UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TANA RAE ANNE SHERLOCK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-12-5036-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AFFIRM FAVORABLE PORTION OF DECISION ON REMAND<br><br>---- ACTION REQUIRED ---- |

Before the court is Plaintiff's Motion to Affirm Favorable Portion of Decision on Remand. ECF No. 9. Plaintiff is represented by attorney David Lybbert; Defendant is represented by Special Assistant United States Attorney Daphne Banay. The parties have consented to proceed before a magistrate judge. ECF No. 8.

## BACKGROUND

On May 25, 2012, for good cause shown (inaudible recording of administrative hearing) the court granted the parties' stipulated Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 405(g). ECF No. 7. Judgment was not entered pending the outcome of the new hearing and new decision. On remand, a *de novo* hearing was held and the ALJ issued a new decision on April 26, 2013. ECF No. 11, *Exhibit* 1. In her decision, ALJ Palachuk found Plaintiff has been disabled under the Social Security Act beginning July 10, 2012. *Id.* at 13.

ORDER DENYING PLAINTIFF'S
MOTION TO AFFIRM FAVORABLE
PORTION OF DECISION ON REMAND - 1

1   Plaintiff is requesting entry of a final judgment based on the ALJ's decision that she has been disabled since July 10, 2012. ECF 9 at 1. Defendant objects to entry of judgment at this time because the ALJ's decision as presented is not a final decision and, therefore, not reviewable by this court under § 405(g). ECF No. 11. Plaintiff has not replied to Defendant's objection.

## DISCUSSIN

The Social Security Act provides that judicial review of an administrative decision is governed exclusively by 42 U.S.C. § 405(g) and only after full exhaustion of administrative remedies. *See Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (claimant may obtain judicial review "after any final decision of the Commissioner"). Here, Plaintiff is asking the court to affirm the favorable portion of the ALJ's decision and enter judgment so she may petition for EAJA fees. She also indicates that those portions of the decision that were not favorable were presented to the Appeals Council for review on May 21, 2003, ECF No. 9 at 1. Plaintiff offers no legal authority for judicial review of a portion of an ALJ decision (favorable or unfavorable) that has not been exhausted.

As explained in the ALJ's "Notice of Decision – Partially Favorable," if a claimant disagrees with the ALJ's decision, she or her representative may submit written exceptions to the Appeals Council. ECF No. 9-1 at 1-2. Once a claimant's written exceptions are submitted, the Appeals Council considers the entire case, even the parts with which a claimant agrees. It may address the exceptions and explain why no change is warranted; or it may assume jurisdiction and make a new, independent decision, or remand the case to an ALJ for further proceedings. The ALJ's decision in its entirety does not become final for purposes of judicial review until the Appeals Council decides what to do and issues a notice to the claimant that explains its actions. Where exceptions are filed with the Appeals Council, until the Appeals Council renders its decision, administrative remedies

ORDER DENYING PLAINTIFF'S
MOTION TO AFFIRM FAVORABLE
PORTION OF DECISION ON REMAND - 2

are not exhausted.  20 C.F.R. § 416.1484(a) and (b) (*Appeals council review of administrative law judge decision in a case remanded by Federal court*).

Plaintiff admits she has filed exceptions with the Appeals Council. However, she has not provided evidence of a final decision by the Appeals Council. Without proof of exhaustion of administrative remedies, this court does not have jurisdiction to review or enter a final judgment on any portion of the ALJ's decision. Accordingly, Plaintiff's Motion to Affirm Favorable Portion of Decision on Remand, ECF No. 9, is **DENIED.** This matter remains remanded to the Commissioner under Sentence Six of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel. The file shall remain open.

DATED July 10, 2013.

  S/ CYNTHIA IMBROGNO
  UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S
MOTION TO AFFIRM FAVORABLE
PORTION OF DECISION ON REMAND - 3